FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___mp___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| REDAMES ROLON,<br><br>    Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, et al.,<br><br>    Defendant(s). | No. CV 07-5231-PA (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered granting Defendants' motion for summary judgment and dismissing this case with prejudice.

DATED: November 19, 2008

                                   PERCY ANDERSON
                               UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDAMES ROLON,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY, et al.<br><br>Defendants. | NO. CV 07-5342-PA (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Percy Anderson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On August 10, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against the County of Los Angeles; the Los Angeles County Sheriff's Department ("Sheriff's Department"); and Ross J. Martinez, a detective with the Sheriff's Department, in his individual and official capacities. (Complaint at 1-2.) On September 10, 2007, the County filed an answer on its own behalf and on behalf of the Sheriff's Department. On November 30, 2007, Martinez filed an answer.

On June 16, 2008, Defendants filed a motion for summary judgment and a statement of uncontroverted facts ("SUF"). On June 18, 2008, the Court issued a Notice to Plaintiff of the Requirements of Federal Rule 56 and Local Rule 56 ("Notice") in compliance with *Rand v. Rowland*, 154 F.3d 952, 959-62 (9th Cir. 1998) (en banc). On August 15, 2008, Plaintiff filed an opposition and a separate statement of genuine issues ("SGI"). On September 12, 2008, Defendants filed a reply to the opposition, and a reply to Plaintiff's statement of genuine issues ("Objections"). In addition to these pleadings, the Court has reviewed the complaint, as well as all attached declarations and other evidence.

This matter was taken under submission without oral argument and is now ready for decision.

II.

## FACTUAL BACKGROUND

Martinez was employed by the Sheriff's Department for 28 years as of July 2006, at which time he was assigned to the Narcotics Bureau. (SUF No. 1.) Sometime before July 25, 2006, a confidential informant contacted Martinez and told him that marijuana was being sold from "Ray's" residence at Plaintiff's address. (SUF No. 2.) "Ray" was later identified as being Plaintiff. (*Id.*) The informant assisted the Sheriff's Department in a controlled purchase of marijuana

2

at Plaintiff's residence, which was observed by Martinez. (SUF No. 3; Martinez Decl. ¶ 6.) Plaintiff does not dispute the existence of a controlled purchase, but argues that a controlled purchase constitutes entrapment. (SGI Nos. 2-3.)

Based on the information provided by the informant and on the controlled purchase, Martinez believed there was probable cause to believe that evidence of the sale of marijuana would be found at Plaintiff's residence. (SUF No. 4; Martinez Decl. ¶ 7.)

On July 25, 2006, Martinez applied for a search warrant before Judge Maral Injejikian of the Los Angeles County Superior Court to search Plaintiff, his residence, and certain vehicles. (SUF No. 5; Martinez Decl. Exh. C.) Judge Injejikian found probable cause and issued the search warrant. (SUF No. 6.) Plaintiff does not dispute that the search warrant was valid based on the information given to the court. (SGI Nos. 6-7.) Plaintiff disputes the existence of probable cause on the ground that he used marijuana for medical purposes upon the recommendation or approval of a physician. (Opposition at 2; SGI No. 4.)

On August 2, 2006, at about 4:00 p.m., Martinez and other officers from the Sheriff's Department executed the search warrant.[1] (SUF No. 8; SGI No. 8.) The officers found over 115 grams[2] of "processed marijuana," two scales, packaging materials, and 11 cultivation marijuana plants, all of which were seized. (SUF No. 13.) Martinez arrested Plaintiff for cultivation of marijuana and possession of marijuana for sale. (SUF No. 14.)

///
///

---

[1] Defendants claim that there is videotape of Plaintiff receiving a copy of the warrant. (Martinez Decl. Exh. E at 4.) Although Plaintiff did not dispute the statement of uncontroverted fact that he was served with the search warrant (SGI No. 12), he elsewhere stated that he was not given a copy of the warrant (SGI No. 9).

[2] 115 grams is about 4 ounces.

3

## III.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023-24 (9th Cir. 2004). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where, as here, the nonmoving party is *pro se*, a court must consider as evidence in opposition to summary judgment all contentions "offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party appearing pro se] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004), *cert. denied*, 546 U.S. 820 (2005).

///

4

In deciding whether to grant summary judgment, a court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). The Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001). This is true even when a party appears *pro se*. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). A court construes a *pro se* plaintiff's pleadings liberally. *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

## IV.

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff sets forth the following claims: illegal search and seizure, false arrest and false imprisonment, and negligent infliction of emotional distress. (Opposition at 1.) Plaintiff invokes the Court's supplemental jurisdiction for unspecified claims that arise under state law. (Complaint ¶ 7.)

"To state a claim for relief under section 1983, [a plaintiff] must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused [the plaintiff] to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.), *cert. denied*, 522 U.S. 996 (1997). Plaintiff has failed to create a genuine issue of fact as to the second element, a deprivation of a right secured by the Constitution and laws of the United States. *Johnson*, 113 F.3d at 1117.

///

### A. Unreasonable Search and Seizure

#### 1. Probable Cause for the Search Warrant

"A warrant is valid only if supported by an affidavit establishing probable cause." *Forster v. County of Santa Barbara*, 896 F.2d 1146, 1148 (9th Cir. 1990). The affidavit supporting the warrant is presumed valid. *Id.* "This presumption can be overcome if the party challenging the affidavit makes allegations of deliberate falsehood or reckless disregard for the truth, and those allegations are accompanied by an offer of proof." *Id.* "If these requirements are met, the allegedly false or reckless material must be set aside." *Id.* "If there remains sufficient content in the affidavit to support probable cause, the officer is qualifiedly immune." *Id.* (footnote omitted).

Here, Martinez obtained a search warrant. (SUF Nos. 2, 5, 6.) Plaintiff does not dispute that the search warrant was valid based on the information given to the judge. (SGI No. 6.) Plaintiff does not contend that Martinez made any deliberately false allegations or allegations that recklessly disregarded the truth.[3]

Instead, Plaintiff argues that there was no probable cause because he "possesse[d] or cultivate[d] marijuana for the personal medical purposes . . . upon the written or oral recommendation or approval of a physician." *See* Cal. Health & Safety Code § 11362.5(d). (Opposition at 2.) Under § 1983, however, the question is whether the search was reasonable under the Fourth Amendment, not whether the search or seizure was authorized by state law. *Virginia v. Moore*, 128 S. Ct. 1598, 1604-07, 170 L. Ed. 2d 559 (2008) (Fourth Amendment analysis does not depend upon law of a particular state); *Miranda v. City of Cornelius*, 429

---

[3] On summary judgment, a plaintiff bears the burden of making a substantial showing of deliberate falsehood or reckless disregard for the truth and establish that, but for the dishonesty, the challenged action would not have occurred. *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002). Plaintiff makes no attempt to satisfy this standard.

F.3d 858, 865 (9th Cir. 2005). "Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175-76, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949) (citation omitted).

Here, state law leads to the same conclusion as federal law. The Compassionate Use Act of 1996 constitutes "an affirmative defense" to possession, cultivation or transportation of marijuana.[4] *People v. Wright*, 40 Cal. 4th 81, 84-85, 51 Cal. Rptr. 3d 80 (2006). Under California law, a criminal defendant bears the burden of raising a reasonable doubt as to the existence of facts underlying the § 11362.5(d) defense. *People v. Mower*, 28 Cal. 4th 457, 464, 122 Cal. Rptr. 326 (2002). Allocation of the burden of proof to a criminal defendant is appropriate because "[t]he existence of these facts is peculiarly within a defendant's personal knowledge, and proof of their nonexistence by the prosecution would be relatively difficult or inconvenient." *Id.* at 477. A defendant may raise the defense at trial or in a motion to set aside an indictment or information prior to trial. *Id.* at 470, 472. The California Supreme Court held that "section 11362.5(d) does not grant any immunity from arrest, and certainly no immunity that would require reversal of a conviction because of any alleged failure on the part of law enforcement officers to conduct an adequate investigation prior to arrest." *Id.* at 469.

Plaintiff does not produce any evidence negating probable cause. In opposition to summary judgment, Plaintiff produced a physician's statement dated August 6, 2007. (Exhibit to SGI.) However, that physician's statement

---

[4] The Act would not exempt Plaintiff from prosecution under the federal Controlled Substances Act. *Gonzales v. Raich*, 545 U.S. 1, 5, 22, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005); *Raich v. Gonzales*, 500 F.3d 850, 869 (9th Cir. 2007).

7

post-dates the search warrant, which was obtained on July 25, 2006. (SUF No. 2; Martinez Decl. ¶ 8.) Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the law enforcement officer at the time he obtained the warrant. See Devenpeck v. Alford, 543 U.S. 146, 152, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004). Even under California law, a post-warrant medical certificate does not entitle Plaintiff to a defense under § 11362.5(d), much less negate probable cause. See People v. Rigo, 69 Cal. App. 4th 409, 414-15, 81 Cal. Rptr. 2d 624 (1999).

Moreover, the search warrant was obtained based on a controlled purchase of marijuana at Plaintiff's residence. (SUF No. 3; Martinez Decl. ¶¶ 5-7.) Plaintiff does not dispute the existence of a controlled purchase at his residence,[5] and does not contend that a valid physician statement (even assuming he had one at the time) would authorize the sale of marijuana to another under California law. See Mower, 28 Cal. 4th at 475-76 (affirming conviction for providing marijuana to other persons).

Plaintiff further argues that the charges were dismissed in the interest of justice. (Opposition at 2.) However, even an acquittal would not be evidence of lack of probable cause. See Brinegar, 338 U.S. at 175 (probable cause means less than evidence that would justify conviction); Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) ("mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause").

///

---

[5] Plaintiff argues that a controlled purchase constitutes entrapment. (SGI Nos. 2-3.) Again, however, entrapment is an affirmative defense. United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003). A criminal defendant would bear the burden of presenting some evidence that he was induced to sell drugs and that he lacked the predisposition to sell drugs. Id. at 951, 955. Evidence of a controlled purchase, without more, does not constitute entrapment. United States v. Poehlman, 217 F.3d 692, 701 (9th Cir. 2000). Thus, even assuming without deciding that an entrapment defense could somehow negate a probable cause determination, Plaintiff submits no evidence of entrapment.

Accordingly, Plaintiff has failed to create a genuine issue of material fact, and Defendants are entitled to judgment as a matter of law on this claim.

### 2. Detention

Detective Martinez submitted a declaration and incident report in support of the motion for summary judgment. In pertinent part, he stated that police had their firearms drawn when executing the search warrant because they did not know who was in the house or whether any persons were armed or had access to weapons. (Martinez Decl. ¶13.) Through the screen door, he saw a woman and child (who were later identified as Plaintiff's wife and daughter) seated on the living room sofa.[6] (*Id.* ¶¶ 12-13 & Exh. E at 3.) "We did not get close to or touch [them] with our firearms because they complied with orders and did not pose a threat to our safety." (Martinez Decl. ¶ 13.) Martinez found Plaintiff with two other males at the rear of the location near the garage door and detained Plaintiff. (Martinez Decl. ¶¶ 15-19 & Exh. E.)

Plaintiff contends that he was unreasonably detained during execution of the search warrant. (Complaint ¶ 24.) Police may detain occupants of a residence during execution of a search warrant so long as the detention is reasonable. *See Michigan v. Summers*, 452 U.S. 692, 704-05, 101 S. Ct. 2587, 69 L. Ed. 2d 340 (1981) ("If the evidence that a citizen's residence is harboring contraband is sufficient to persuade a judicial officer that an invasion of privacy is justified, it is constitutionally reasonable to require that citizen to remain while officers of the law execute a valid warrant to search his home.") (footnote omitted).

///

---

[6] Plaintiff points out that Defendants did not knock. (SGI No. 9.) True, Martinez states that he announced their presence and intention to search the residence to the woman seated on the living room sofa (Plaintiff's wife) through the screen door. (Martinez Decl. ¶ 12.) This issue is not material to adjudication of Plaintiff's claims.

9

The Supreme Court has held that "[a]n officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.'" *Muehler v. Mena*, 544 U.S. 93, 98, 125 S. Ct. 1465, 161 L. Ed. 2d 299 (2005) (citation omitted).

Further, the Court held that "the authority to use reasonable force to effectuate the detention" is inherent in the authority to detain incident to a search. *Id.* at 98-100 (waking resident and placing her in handcuffs at gunpoint for two to three hours is reasonable); *Maryland v. Wilson*, 519 U.S. 408, 413-14, 117 S. Ct. 882, 137 L. Ed. 2d 41 (1997) (ordering passengers out of a car is reasonable); *Dawson v. City of Seattle*, 435 F.3d 1054, 1069 (9th Cir. 2006) (asking detained persons about location of contraband is reasonable).

Plaintiff does not present any evidence that he was unreasonably detained. Instead, he argues that his seven-year-old daughter was unreasonably detained.[7] (SGI No. 10.) Although Plaintiff's opposition papers contain only a conclusory allegation, Plaintiff's verified complaint stated that when officers arrived at his home, they "immediately" ordered Plaintiff and his wife to step outside. (Complaint ¶ 12.) Officers then checked each room for occupants, found Plaintiff's seven-year-old daughter in her room, and ordered her to step outside. (*Id.* ¶ 13.) When she was slow to respond, "the officer nudged the child, with his firearm." (*Id.* ¶ 14.) His daughter complied and went outside, where she saw her father arrested and her mother detained. (*Id.* ¶ 15.)

Plaintiff does not establish any foundation for his allegations as to what happened to his daughter. *See* Fed. R. Evid. 602 ("A witness may not testify to a

---

[7] Plaintiff's daughter is not a plaintiff in this suit. At a hearing on March 18, 2008, Plaintiff requested that the Court take his motion for appointment of a guardian ad litem for his daughter off calendar or, alternatively, dismiss his motion without prejudice. This Court issued an order taking Plaintiff's motion off calendar. (Dkt. No. 41.)

10

matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") Plaintiff's verified complaint states that he and his wife were outside the home at the time the officers found the daughter in her room. Plaintiff does not establish personal knowledge until his daughter stepped outside. In opposing summary judgment, Plaintiff was obligated to submit evidence that is "based on personal knowledge" and "that would be admissible in evidence." *Jones*, 393 F.3d at 923.

Accordingly, Plaintiff has not created a genuine issue of fact as to unreasonable detention during execution of the search warrant.

### B. False Arrest and False Imprisonment

"'An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under [42 U.S.C.] § 1983.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (citation omitted); *see also Levin v. United Airlines*, 158 Cal. App. 4th 1002, 1017, 70 Cal. Rptr. 3d 535 (2008) (same). "'Probable cause exists, when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (citation omitted). A law enforcement officer need not have probable cause for every element of the offense. *Id.* at 472. Moreover, "[p]robable cause need only exist as to any offense that could be charged under the circumstances." *Id.* at 473 (citation omitted).

To the extent Plaintiff asserts claims under California law, the result is the same. "'[F]alse arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology." *Collins v. City and County of San Francisco*, 50 Cal. App. 3d 671, 675, 123 Cal. Rptr. 525 (1975). "There shall be no civil liability on the part of, and no cause of action shall arise against, any peace

officer . . . acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest under any of the following circumstances: (1) The arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful." Cal. Penal Code § 847(b).

Here, Plaintiff was arrested for cultivation of marijuana in violation of Cal. Health & Safety Code § 11358, which states: "Every person who plants, cultivates, harvests, dries, or processes any marijuana or any part thereof, except as otherwise provided by law, shall be punished by imprisonment in the state prison." Plaintiff does not dispute that the police found 11 cultivation marijuana plants during their search. (SUF 13; SGI No. 13; Martinez Decl. ¶ 17.)

Plaintiff was also arrested for possession of marijuana for sale in violation of Health & Safety Code § 11359, which states: "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." Plaintiff does not dispute that the police found over 115 grams of processed marijuana, two scales, and packaging materials. (SUF No. 13; SGI No. 13; Martinez Decl. ¶ 17.) The presence of scales and packaging materials are indicative of possession for sale. *See People v. Bonds*, 70 Cal. App. 4th 732, 735-36, 83 Cal. Rptr. 2d 10 (1999). Plaintiff does not dispute the controlled purchase of marijuana at his residence. (SGI Nos. 2-3.)

With respect to both alleged violations, Plaintiff argues that the police did not have probable cause because he possessed and cultivated marijuana pursuant to a physician statement under Cal. Health & Safety Code § 11362.5(d). (SGI No. 15.) However, as explained above in Section IV.A.1, Plaintiff has not submitted evidence of a physician statement that existed on the date of his arrest, August 2, 2006. (SUF No. 8.) In any event, the existence of a physician

///
///
///

statement is an affirmative defense that does not immunize Plaintiff from arrest.[8] *Mower*, 28 Cal. 4th at 469 ("section 11362.5(d) does not grant any immunity from arrest"). Again, dismissal of the charges in the interest of justice does not negate the existence of probable cause. *Blankenhorn*, 485 F.3d at 475.

Accordingly, Plaintiff has not created a genuine issue of material fact as to his false arrest or false imprisonment claim.

### C. Negligent Infliction of Emotional Distress

The elements of negligent infliction of emotional distress under California law are: "1. The defendant engaged in negligent conduct; 2. The plaintiff suffered serious emotional distress; 3. The defendants' negligent conduct was a cause of the serious emotional distress. Serious emotional distress is an emotional reaction which is not an abnormal response to the circumstances. It is found where a reasonable person would be unable to cope with the mental distress caused by the circumstances." *Butler-Rapp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1226 n.1, 36 Cal. Rptr. 3d 685 (2005).

Plaintiff has not presented evidence as to any element of this tort. Plaintiff's claim of negligence is based on the same allegations of illegal search and seizure, false arrest and false imprisonment. He has not shown that Martinez acted negligently. He has not produced any evidence that he suffered emotional distress, severe or otherwise.

Accordingly, Plaintiff has not created a genuine issue of material fact as to the negligent infliction of emotional distress claim.

---

[8] Plaintiff submitted no evidence that he applied for and obtained a valid identification card pursuant to Cal. Health & Safety Code § 11362.71(e). A person in possession of a valid identification card is not subject to arrest for possession, transportation, delivery, or cultivation of medical marijuana of a certain amount "unless there is reasonable cause to believe that the information contained in the card is false or falsified, the card has been obtained by means of fraud, or the person is otherwise in violation of the provisions of this article." Cal. Health & Safety Code § 11362.71(e). The identification card program is voluntary and does not limit the availability of a § 11362.5(d) defense. *Wright*, 40 Cal. 4th at 93.

## V.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that Defendants' motion for summary judgment be granted.

DATED: October 20, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge